tificate of title issued by the registrar; (2) a complete merchantable abstract of title or merchantable copy of such abstract brought down to date; (3) a merchantable title guaranty policy. If the abstract or copy should be furnished, the further proceedings to be taken by the purchaser and vendor concerning the title, if there were objections found thereto, are indicated. In the case at bar no one of the three things above tabulated was furnished. The letter of the Chicago Title & Trust Company was not such a compliance with the requirements as to impose a further duty on the purchaser.

Nor could the record 'of the contract be properly made the ground of a motion for a new trial. It had taken place before the suit was begun and the defendant had at least constructive notice of it; but no mention was made of it at the trial, nor would it have been a defense if proved then. Theoretically it can have done no harm to the vendor, nor was there any proof offered that it did so practically.

The judgment of the Municipal Court is affirmed.

*Affirmed.*

---

**John Hemwall Automobile Company, Defendant in Error, v. George Cassidy, Plaintiff in Error.**

**Gen. No. 18,655.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by John Hemwall Automobile Company against George Cassidy to recover damages for breach of contract for the purchase of an automobile. Plaintiff recovered a judgment in the Municipal Court of

N. W. Rys. Adv. Co. v. Evers & Williams Shoe Co., 185 Ill. App. 311.

Chicago for one hundred dollars, to reverse which defendant sued out a writ of error.

CHARLES A. WARD, for plaintiff in error.

PERCIVAL STEELE, for defendant in error; H. L. CAVENDER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

AUTOMOBILES, § 4*—*when purchaser liable for breach of contract.* In an action for breach of contract for the purchase of an automobile, plaintiff claimed that the sale was by sample and that a car similar to the sample had been furnished, while defendant contended that he bought a particular car picked out from plaintiff's stock and did not get it. Defendant used the machine a few days and then returned it and plaintiff resold it at an alleged loss of two hundred dollars. *Held* that a verdict for plaintiff for one hundred dollars was sustained by the evidence.

---

## Northwestern Railways Advertising Company, Plaintiff in Error, v. Evers & Williams Shoe Company, Defendants in Error.

### Gen. No. 18,668.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Northwestern Railways Advertising Company, a corporation, against Evers & Williams Shoe Company, a corporation, John J. Evers and Charles

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.